UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Case No. 21-601 (RJL) |
| MARTHA WILLIAMS, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION
(June 24, 2022) [Dkt. ## 13, 26, 39]

Pending before the Court is a motion by defendants, the Principal Deputy Director of the U.S. Fish and Wildlife Service ("FWS") and the Secretary of the Interior (collectively, "defendants" or "the agencies"), to dismiss as moot this challenge to two rules issued by defendants delaying the effective date of a rule promulgated in January 2021 that designated portions of Washington, Oregon, and California as "critical habitat" for the northern spotted owl. *See* Defs.' Mot. to Dismiss Claims as Moot, or, in the Alternative, for J. on the Pleadings [Dkt. # 39]. Defendants also now oppose plaintiffs' earlier motion for leave to file an amended complaint on the same basis, arguing that amendment would be futile in light of the claims in the proposed complaint also being moot. *See id.*; *see also* Pls.' Mot. for Leave to File Second Compl. [Dkt. # 26]. The agencies claim that, in light of the subsequent issuance of a new final habitat rule in November 2021—which formally withdrew the January 2021 rule—and the expiration of

1

the two "delay rules" by their own terms, this Court can no longer provide plaintiffs with any relief on their claims. Because I agree with the agencies that this case is now moot and that the Court therefore lacks subject matter jurisdiction over the case, defendants' motion to dismiss is **GRANTED**, plaintiffs' motion for leave to file an amended complaint is **DENIED**, and this case is dismissed.

## BACKGROUND

Plaintiffs, a trade association and several local governmental entities located in the Pacific Northwest,[1] have sued the defendant agencies challenging their promulgation of two rules purporting to delay the effective date of a January 2021 final rule. That rule designated a new "critical habitat" area for the northern spotted owl pursuant to the Endangered Species Act ("ESA"). *See* Revised Designation of Critical Habitat for the Northern Spotted Owl, 86 Fed. Reg. 4,820 (Jan. 15, 2021) ("January 2021 Rule").[2] The January 2021 Rule emerged from a proposed rule issued by FWS in August 2020, which, in relevant part, removed 204,653 acres of forest in Oregon from the owl's 2012 critical habitat designation. *See* Proposed Rule, Revised Designation of Critical Habitat for the

---

[1] Plaintiffs in this action are: the American Forest Resource Council ("AFRC"), "a forest products trade association headquartered in Portland, Oregon which represents approximately 50 lumber and plywood manufacturing companies and landowners throughout the states of Washington, Oregon, California and elsewhere in the western United States," Compl. ¶ 10 [Dkt. # 1]; the Association of O&C Counties ("AOCC"), a group of fifteen counties in western Oregon that contain lands subject to the Oregon and California Railroad and Coos Bay Wagon Road Grant Lands Act of 1937 ("O&C Act") and managed by the Bureau of Land Management, *id.* ¶ 13; and Douglas, Lewis, Skamania, and Siskiyou counties, which are located in Washington, Oregon, and California and contain portions of the forests at issue here, *id.* ¶¶ 16, 19, 23, 24.

[2] The rulemaking leading to the 2021 Designation Rule was prompted by the settlement of previous litigation in this Court, according to which the Government agreed to update a 2012 rule designating the owl's habitat. *See* Pls.' Opp. to Defs.' Mot. to Dismiss at 4 [Dkt. # 42]; *see also* Designation of Revised Critical Habitat for the Northern Spotted Owl, 77 Fed. Reg. 71,876 (Dec. 4, 2012) ("2012 Designation Rule"); *Carpenter's Industrial Council v. Haaland*, No. 1:13-cv-00361-RJL (ECF No. 126).

2

Northern Spotted Owl, 85 Fed. Reg. 48,487 (Aug. 11, 2020). A week before the change in administration, on January 15, 2021, FWS issued the January 2021 Rule, with that final rule ultimately excluding a much larger area—approximately 3,472,064 acres—from the critical habitat, including forest not only in Oregon but in California and Washington as well. *See* January 2021 Rule, 86 Fed. Reg. at 4,820. However, the January 2021 Rule by its terms did not take immediate effect and instead included an effective date of March 16, 2021. *See* January 2021 Rule, 86 Fed. Reg. at 4,820. On March 1, 2021, shortly before the January 2021 Rule was due to come into effect, FWS published a notice in the Federal Register that: (1) purported to delay the effective date of the January 2021 Rule from March 16 until April 30, 2021; and (2) "open[ed] a 30-day comment period to allow interested parties to comment on issues of fact, law, and policy raised by [the January 2021 Rule] and whether further delay of the effective date is necessary." *See* Revised Designation of Critical Habitat for the Northern Spotted Owl; Delay of Effective Date, 86 Fed. Reg. 11895 (Mar. 1, 2021) ("First Delay Rule").[3]

On March 5, 2021, plaintiffs filed their initial Complaint, challenging the validity of the First Delay Rule under the APA, and they subsequently moved for summary judgment on March 23, 2021. *See generally* Compl. [Dkt. # 1]; Pls.' Mot. for Summ. J. [Dkt. # 13]. On April 30, 2021, FWS published a second notice in the Federal Register, this time informing the public that the effective date of the January 2021 Rule would be delayed again until December 15, 2021. *See* Revised Designation of Critical Habitat for

---

[3] The First Delay Rule was issued as part of an administration-wide review of pending but not yet effective regulations issued by the previous administration, as directed in a White House Memorandum dated January 28, 2021. *See* Memorandum for the Heads of Executive Department Agencies, 86 Fed. Reg. 7424 (Jan. 28, 2021).

3

the Northern Spotted Owl; Delay of Effective Date, 86 Fed. Reg. 22,876 (Apr. 30, 2021) ("Second Delay Rule"). In that notice, FWS stated that further delay was "necessary to avoid placing undue risk on the conservation of northern spotted owl caused by allowing exclusions from its designated critical habitat to go into effect while the Service prepares a revision or withdrawal of the [January 2021 Rule] through additional rulemaking to address apparent defects." *Id.* In light of the Second Delay Rule, plaintiffs sought leave of this Court to amend their Complaint, seeking to add both new ESA-based claims against the First Delay Rule as well as APA and ESA claims against the Second Delay Rule. *See* Pls.' Mot. for Leave to File Second Compl.[4] Thereafter, in July 2021, FWS issued a proposed rule to withdraw the January 2021 Rule and instead implement a new habitat designation that excluded 204,797 acres from the 2012 habitat area. *See* Revised Designation of Critical Habitat for the Northern Spotted Owl, 86 Fed. Reg. 38,246 (July 20, 2021).[5]

On November 10, 2021, following a period of public notice and comment on the July 2021 proposed rule, the agencies issued a new final rule that excluded 204,294 acres from the critical habitat designation in Oregon and withdrew the January 2021 Rule altogether. *See* Revised Designation of Critical Habitat for the Northern Spotted Owl, 86 Fed. Reg. 62,606, 62,606 (Nov. 10, 2021) ("November 2021 Rule"); *see also* Defs.' Mot.

---

[4] Plaintiffs also sought to convert their pending motion for summary judgment into a motion for partial summary judgment on only the claims brought in the original Complaint. *See* Pls.' Mot. for Leave to File Second Compl. [Dkt. # 26].

[5] In September 2021, meanwhile, plaintiffs moved for a preliminary injunction enjoining the effectiveness of the two delay rules (and, in effect, reinstating the January 2021 Rule). *See* Pls.' Mot. for Prelim. Inj. [Dkt. # 29]. I denied the motion in October 2021, finding that plaintiffs had not established irreparable harm caused by the delay rules. *See Am. Forest Res. Council v. Williams*, 21-cv-601 (RJL), 2021 WL 4819846 at *3–4 (D.D.C. Oct. 13, 2021).

4

to Dismiss at 4. The November 2021 Rule took effect December 10, 2021. *See* November 2021 Rule, 86 Fed. Reg. at 62,606. In light of the promulgation of the November 2021 Rule, the expiration of the two delay rules, and the withdrawal of the January 2021 Rule, the agencies filed their now-pending motion to dismiss this case on mootness grounds.

## ANALYSIS

"The mootness doctrine . . . limits federal courts to deciding actual, ongoing controversies." *Clarke v. United States*, 915 F.2d 699, 700–01 (D.C. Cir. 1990) (en banc). To that end, it "requires a federal court to refrain from deciding [the case or controversy] if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974); *see also Theodore Roosevelt Conservation P'ship v. Salazar*, 661 F.3d 66, 79 (D.C. Cir. 2011) ("If it becomes impossible for the court to grant any effectual relief whatever to a prevailing party on particular claim, that claim must be dismissed." (internal quotation marks omitted)). Because mootness is a corollary to Article III's requirement that the federal courts adjudicate only "cases" and "controversies," the question of mootness goes to the Court's subject-matter jurisdiction, *see Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013), and a party may therefore move to dismiss on this basis under Federal Rule of Civil Procedure 12(b)(1) at any time.[6]

---

[6] The same mootness analysis applies to a proposed amended complaint, as leave to amend under Federal Rule of Civil Procedure 15 may be denied as futile where the amended complaint would not survive a motion to dismiss, including one brought under Rule 12(b)(1) on mootness grounds. *See, e.g.*, *Aguiar v. Drug Enforcement Admin.*, 992 F.3d 1108, 1113–14 (D.C. Cir. 2021).

5

The agencies' argument for why plaintiffs' claims are now moot is straightforward. In short, in both their original complaint and then in their proposed amended complaint, plaintiffs sought injunctive relief vacating the two delay rules and, correspondingly, requiring the January 2021 Rule to go into immediate effect, as well as declaratory relief stating the delay rules were unlawful. The agencies therefore argue that I can no longer provide plaintiffs with any of the relief they seek: first, the delay rules have both expired by their own terms (with the First Delay Rule expiring on April 30, 2021 and the Second Delay Rule expiring on December 15, 2021); second, the November 2021 Rule expressly withdrew and superseded the January 2021 Rule. As a result, the Court cannot vacate the delay rules, because they are no longer in effect, and it cannot reinstate the January 2021 Rule (or otherwise cause it to go into effect), because it has been withdrawn entirely in favor of the November 2021 Rule. Any injury faced by plaintiffs as a result of the designation of habitat for the spotted owl now flows from the November 2021 Rule, the source of the habitat designation, which plaintiffs would have to separately challenge.[7]

I agree with the agencies' logic here. Due to the expiration of the delay rules and the promulgation of the new final rule designating critical habitat and superseding the original January 2021 rule, the Court has no power to effectuate the injunctive relief sought by plaintiffs, and any opinion on the lawfulness of the expired rules would be improperly advisory. *See, e.g., Clean Water Action v. Pruitt*, 315 F. Supp. 3d 72, 86–87 (D.D.C. 2019)

---

[7] Plaintiffs have in fact recently undertaken a separate, indirect challenge of the November 2021 Rule by filing a motion in another case before me, *Carpenter's Industrial Council v. Haaland*, No. 13-cv-361-RJL, through which they ask the Court, among other things, to find that the promulgation of the November 2021 Rule violated the settlement agreement in that case and to enjoin implementation of the November 2021 Rule. That motion remains pending.

("Because the stay was withdrawn, there is nothing for the Court to vacate, and a declaratory judgment would be an impermissible advisory opinion."). Previous cases in this Court presenting nearly identical circumstances to this one have been similarly deemed moot. Indeed it is not at all out of the ordinary for an agency to promulgate new rules to supersede or cure defects in previous rules, thereby mooting challenges to the prior rules. *See, e.g., Organic Trade Ass'n v. U.S. Dep't of Agric.*, 370 F. Supp. 3d 98, 111 (D.D.C. 2019) (citing *Ctr. for Sci. in the Pub. Interest v. Regan*, 727 F.2d 1161, 1163–64 (D.C. Cir. 1984)).[8]

Rather than squarely challenge this chain of reasoning, plaintiffs instead primarily contend that there remains a live controversy because the November 2021 Rule "depends" on the validity of the delay rules, and thus the Court may provide relief to plaintiffs, albeit indirectly, by declaring the delay rules unlawful and thus undermining a predicate for the November 2021 Rule. *See* Pls.' Opp. to Defs.' Mot. to Dismiss at 7–18 [Dkt. # 42] ("Pls.' Opp."). Plaintiffs argue that the November 2021 Rule could have been promulgated in the manner it was only on the assumption that the January 2021 Rule did not take effect (*i.e.*, that the delay rules validly delayed its effective date). Under plaintiffs' theory, the continued validity of the November 2021 Rule depends in part on the validity of the expired delay rules, meaning their claims about the latter have not been mooted. *Id.* But plaintiffs cannot, and do not, show how such a declaration of unlawfulness by the Court would

---

[8] In *Organic Trade Association*, the agencies delayed the effective date of a rule, then promulgated a new final rule that withdrew the original rule before the expiration of the delay rule. *See* 370 F. Supp. 3d at 103–04, 111. The court found that because the delay rule had expired and the original rule had been formally withdrawn, the court could provide no relief to the plaintiff and the case was therefore moot. *Id.*

7

amount to anything more than an advisory opinion; I cannot vacate the delay rules because they have expired, and I cannot reinstate the withdrawn January 2021 Rule. Instead, were I to agree with plaintiffs on the merits, I would merely be opining that the now-expired delay rules were unlawful and suggesting that the November 2021 Rule—which is not challenged in this case—may be on unsound procedural footing. Article III does not permit the federal courts to engage in such academic ruminations !

Plaintiffs point to cases where courts have nonetheless declared unlawful certain subsequently withdrawn interim rules, but the relationship between the interim and final rules in those cases are readily distinguishable and indeed illustrate the extent to which this case is moot. In *Union of Concerned Scientists v. Nuclear Regulatory Commission*, 711 F.2d 370 (D.C. Cir. 1983), the agency's decision in a final rule to delay certain compliance deadlines rested expressly on a finding in the challenged interim rule that such a delay "would not pose undue risk to the public health and safety." *Id.* at 377. The reviewing court concluded that the final rule's adoption of and reliance on that finding—which had never been subject to notice and comment, unlike the remainder of the final rule—as the basis to extend the delay meant there continued to be a live controversy. *Id.* In contrast, here the delay rules contain no finding that was relied on, or even mentioned in, the November 2021 Rule. The November 2021 Rule went through full notice and comment, and any deficiencies in the agencies' procedural or substantive approach to that Rule would stem exclusively from that Rule, not from the delay rules. There is thus no effect of the

delay rules that this Court could ameliorate.[9] Likewise, plaintiffs' reliance on *Public Employees for Environmental Responsibility (PEER) v. National Park Service*, No. 19-3629, 2021 WL 1198047 (D.D.C. Mar. 30, 2021), is similarly misplaced. In *PEER*, the court found that a replaced agency directive still applied in a large number of National Parks despite the promulgation of a subsequent rule; there was thus an overt ongoing effect of the superseded agency action that the court could remedy. *See id.* at *12. Again, there is no remedy this Court can provide plaintiffs; the challenged delay rules are expired and have no ongoing effect.[10]

## CONCLUSION

For all of the foregoing reasons, I find that the Court cannot provide plaintiffs with any relief on the claims contained in their original complaint or in their proposed amended complaint, and thus plaintiffs' claims are now moot. Accordingly, defendants' motion to dismiss is **GRANTED**, plaintiffs' motion for leave to file an amended complaint is

---

[9] The same distinction between this case and *Union of Concerned Scientists* applies to *American Maritime Ass'n v. United States*, 766 F.2d 545 (D.C. Cir. 1986), where the final rule expressly adopted certain findings made during the interim rulemaking and "basically adopt[ed]" the interim rule's regulatory approach. *Id.* at 554 n.14.

[10] In the alternative, plaintiffs argue that this case comes within one of two recognized exceptions to mootness, either the "capable of repetition yet evading review" or the "voluntary cessation" exception. I disagree on both counts. On the former, plaintiffs must show that "will again be subjected to the alleged illegality," *Armstrong v. FAA*, 515 F.3d 1294, 1296 (D.C. Cir. 2008), and a "[a] 'theoretical possibility' is not sufficient to qualify as 'capable of repetition' . . . there must instead be a 'reasonable expectation' or 'demonstrated probability' that the action will recur," *Senate Permanent Subcomm. on Investigations v. Ferrer*, 856 F.3d 1080, 1088 (D.C. Cir. 2017). Here, plaintiffs have shown no more than a theoretical possibility that the agencies would again delay the effective date of the critical habitat rule; the delays in this case were prompted by a regulatory review conducted at the change of the presidential administration, and the agencies cannot again delay the January 2021 Rule (if, for instance, the November 2021 Rule were to be vacated in some future proceeding) because the January 2021 Rule has been withdrawn. And plaintiffs' generalized concern that a future administration might decide to delay the not-yet-effective habitat rules of its predecessor do not rise above speculation. *See, e.g., Organic Trade Ass'n*, 370 F. Supp. 3d at 112. Likewise, the voluntary cessation exception does not apply because "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Clean Water Action*, 315 F. Supp. 3d at 87 (quoting *Cierco v. Mnuchin*, 857 F.3d 407, 414–15 (D.C. Cir. 2017)). Plaintiffs can only speculate as to a future recurrence, and the promulgation of the November 2021 Rule completely eradicated the effects of any alleged infirmities with the delay rules.

**DENIED** as futile, and this case is dismissed.[11]  A separate order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[11] Because plaintiffs' claims are moot, plaintiffs' also-pending motion for summary judgment is denied as moot as well. *See* Pls.' Mot. for Summ. J. [Dkt. # 13].